**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14 C 6540 |
| | ) | (Criminal Case No. 11 CR 134-2) |
| **VICTOR JOHNSON**, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Within a day or two after receiving the Judge's Copy of the 28 U.S.C. § 2255 ("Section 2255") motion filed by pro se prisoner plaintiff Victor Johnson ("Johnson"), in which Johnson sought relief from the 180-month custodial sentence that this Court had imposed on him, this Court conducted the preliminary review called for by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules") and determined that a response by the United States Attorney's Office was called for. That responsive pleading is now in hand, and this memorandum opinion and order can appropriately address the issues involved.

Johnson's Petition charged his attorney with constitutionally deficient representation, focusing for that purpose on counsel's asserted failure to object to the career offender status assigned to him by the Presentence Investigation Report ("PSI"). That challenge was predicated on Johnson's contention that one of Johnson's drug-related convictions -- a state court conviction based on a violation of 720 ILCS 570/405 -- had to be evaluated under the "categorical approach" as purportedly taught by Descamps v. United States, 133 S. Ct. 2276 (2013).

It is hard to fault nonlawyer Johnson (or perhaps any amateur "jailhouse lawyer" who may have assisted him in preparing his Section 2255 motion) for having thus totally misread the actual teaching of Descamps -- only last week this Court was called upon to reject a like misapprehension of Descamps that was advanced by a seasoned criminal defense lawyer on behalf of his client. Instead Descamps plainly stands for precisely the opposite of what Johnson (like that defense lawyer) asserts. It explains that a "divisible" criminal statute -- one that criminalizes alternative offenses -- calls for a court to look into just "which of a statute's alternative elements form the basis of the defendant's prior conviction" (Descamps, 133 S. Ct. at 2284).

Indeed, post-Descamps our Court of Appeals has made it plain that Descamps has not marked a change in that respect -- that Johnson's Section 2255 motion is dead wrong in referring, as its Ground Two, to "a new rule of constitutional law, modified categorical approach in light of Descamps, career offender." Instead Descamps has simply once again reconfirmed the divisible-indivisible dichotomy that the Seventh Circuit has consistently been applying it since its decision in United States v. Woods, 576 F.3d 400, 405 (7th Cir. 2009). Here is the relevant language from this year's Groves v. United States, 755 F.3d 588, 593 (7th Cir. 2014) (internal case citations and quotations omitted):

> Prior to *Woods*, courts in this circuit used different approaches, sometimes called the categorical approach and the modified categorical approach, in determining whether a prior conviction constituted a "crime of violence" under § 4B1.2(a)(2). In *Woods*, we clarified that sentencing courts can only consult additional materials, such as charging instruments, if the criminal statute was divisible, namely, if the offense covers a wide variety of conduct that poses a risk of violence and also conduct that does not. *See id.* at 405. On the other hand, if a statute is indivisible or nondivisible, sentencing courts must apply the categorical approach and look only to the statute and the judgment of conviction in determining whether the statute is a "crime of violence" for purposes of § 4B1.2(a)(2). *See id.* at 407. In 2013, the Supreme Court adopted the

divisible/indivisible distinction as discussed in *Woods*. *See Descamps v. United States*, --- U.S. ---, 133 S.Ct. 2276, 2281, 186 L.Ed.2d 438 (2013).

Unsurprisingly our Court of Appeals applies the same divisibility concept in determining whether a defendant such as Johnson qualifies as a career offender under Guideline § 4B1.1. Here is what our Court of Appeals said on that score in its August 12, 2013 affirmance rejecting Johnson's direct appeal, 2013 WL 4047189 at *2:

> To qualify as a career offender under § 4B1.1 a defendant must have at least two prior felony convictions for crimes of violence or controlled substances. Here, the district court determined that Johnson had two qualifying convictions of controlled substance offenses: (1) a conviction for delivery of crack cocaine, in violation of 720 Ill. Comp. Stat. 570/401; and (2) a conviction for criminal drug conspiracy, in violation of 720 Ill. Comp. Stat. 570/405. The second conviction involved a "divisible" statute, meaning the statute could be violated by an agreement to merely possess a controlled substance (720 Ill. Comp. Stat. 570/402), or by an intent to distribute, manufacture, or deliver a controlled substance (720 Ill. Comp. Stat. 570/401). If Johnson was convicted of the latter, the offense would qualify as his second controlled substance conviction and Johnson would be deemed a career offender under the Guidelines.

In that light the representation provided by Johnson's counsel was impeccable. Counsel correctly recognized that the second of Johnson's two prior state law convictions that caused him to be treated as a career offender under Guideline § 4B1.1 was for a violation of the prototype of a "divisible" statute. Although our Court of Appeals held, following the above-quoted excerpt from its opinion, that the claim Johnson now advances had been forfeited for purposes of the appeal, the argument proffered by Johnson also does not withstand this Court's substantive analysis of <u>Descamps</u> and its actual teaching.

Accordingly this Court finds that on analysis Johnson's response calls for the same conclusion that Rule 4(b) of the Section 2255 Rules describes in a situation where the initial judicial consideration calls for such a determination: "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to

- 3 -

relief." Johnson's motion is denied on the merits, and this action as well as the motion are dismissed.

One last point. Section 2255 Rule 11(a) calls for this Court to issue or deny a certificate of appealability. Here the choice is clear -- it is denied. Johnson is of course free under that Rule to seek such a certificate from the Court of Appeals.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 29, 2014